UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LEROY K. BERRA,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>SERGEANT THOMAS HILL, *et al.*,<br><br>　　　　　　　　Defendants. | NO: 2:17-CV-0318-TOR<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT is Defendants Thomas Hill, Alfred Torres, Adam Anderson, and Robert Brittos' Motion for Summary Judgment (ECF No. 58). The matter was submitted without a request for oral argument. Plaintiff has not filed a Response as of the date of the entry of this Order. The Court has reviewed the record and files therein, and is fully informed. As discussed below, the Motion is **granted**.

## STANDARD OF REVIEW

A movant is entitled to summary judgment if "there is no genuine dispute as

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 1

to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is "genuine" where the evidence is such that a reasonable jury could find in favor of the non-moving party. *Id.* The moving party bears the "burden of establishing the nonexistence of a 'genuine issue.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). "This burden has two distinct components: an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and an ultimate burden of persuasion, which always remains on the moving party." *Id.*

The nonmoving party may not defeat a properly supported motion with mere allegations or denials in the pleadings. *Liberty Lobby*, 477 U.S. at 248. Only admissible evidence may be considered. *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002). Per Rule 56(c), the parties must support assertions by: "citing to *particular* parts of the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or than an adverse party cannot produce admissible evidence to support the fact." (emphasis added). The "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [the non-movant's] favor." *Id.* at 255. However, the "mere existence of a scintilla of evidence" will not defeat summary judgment. *Id.* at 252.
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 2

Plaintiff is proceeding *pro se*, but is not currently incarcerated. In any event, a *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc) notice was provided to Defendant on July 31, 2019. ECF No. 68.

**BACKGROUND**

The Court screened Plaintiff LeRoy Berra's Second Amended Complaint and determined that he stated a plausible claim against the named Defendants based on, *inter alia*, allegations that Defendants used "excessive force in escorting Plaintiff . . . on February 19, 2016, resulting in Plaintiff's dislocated shoulder." ECF No. 47 at 7. Plaintiff otherwise alleged Sargent Hill (1) retaliated against Plaintiff (for filing a grievance against Hill) by transferring him out of the facility "expediently as to avoid completion of the grievance process[,]" ECF No. 42 at 15, ¶ 32, and (2) violated Plaintiff's due process rights by forcing Plaintiff to "endure an a-typical disciplinary sanction" of six days solitary confinement while denying Plaintiff "his right to call a witness and his right to attend and defend himself" against the alleged rule violation, ECF No. 42 at 14, ¶¶ 28-29 (capitalization altered).

Defendants submitted a Motion for Summary Judgment (ECF No. 58) on July 30, 2019. On September 16, 2019, Plaintiff requested an extension of time to file a Response. ECF No. 69. The Court granted the motion and set the deadline to file a Response to November 15, 2019. ECF No. 70. As of the date of the entry

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 3

of this Order, Plaintiff has not filed a Response, nor has he requested additional time to respond. Defendants' Motion for Summary Judgment (ECF No. 58) is now before the Court.

**GOVERNING LAW**

42 U.S.C. § 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured[.]" "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made". *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). A person "causes" a constitutional deprivation "by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Id.* at 743–44.

Excessive force claims related to efforts to subdue convicted prisoners are analyzed under the Eighth Amendment's ban on cruel and unusual punishment. *See Graham v. Connor*, 490 U.S. 386, 393–94 (U.S.,1989) (citing *Whitley v. Albers*, 475 U.S. 312, 318–326 (1986) (claim of excessive force to subdue

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 4

convicted prisoner analyzed under an Eighth Amendment standard)). The "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment forbidden by the Eighth Amendment. *Whitley*, 476 U.S. at 319 (quoting *Ingraham v. Wright*, 430 U.S. 651, 670 (1977)). "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety." *Id.*

"A viable § 1983 claim of retaliation for engaging in activity protected by the First Amendment in the prison context involves the following elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Jones v. Williams*, 791 F.3d 1023, 1035 (9th Cir. 2015) (citing *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005)).

Finally, "[p]risoners are entitled to certain due process protections when subject to disciplinary sanctions." *Brown v. Oregon Dept. of Corrections*, 751 F.3d 983, 987 (9th Cir. 2014) (citing *Wolff v. McDonnell*, 418 U.S. 539, 564–71 (1974)). However, "these procedural protections adhere only where the deprivation implicates a protected liberty interest—that is, where the conditions of confinement impose an 'atypical and significant hardship on the inmate in relation

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 5

to the ordinary incidents of prison life.'" *Id*. (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). "If a protected liberty interest is at stake, then the court must determine whether the procedures used to deprive the prisoner of that liberty violate due process." *Id.* (citing *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003)).

**DISCUSSION**

Defendants move for summary judgment contending, among other things: (1) correctional officer Anderson was not present during the alleged use of force, ECF No. 58 at 3; (2) the complained of excessive force was no more than "routine and unremarkable" cuffing and escorting without incident or appearance of discomfort, ECF No. 58 at 4-9; (3) Hill and Torres were not aware that Plaintiff had any medical alerts or housing limitations, ECF No. 58 at 5; (4) an x-ray of Plaintiff's shoulder found "no evidence of an acute fracture and [] no evidence of dislocation[,]" ECF No. 58 at 6; (5) there is no evidence defendants acted maliciously and sadistically to cause harm or were otherwise deliberately indifferent to Plaintiff's medical needs, ECF No. 58 at 9, (6) Sargent Hill does not have authority to control the timing of the transfers, ECF No. 58 at 10; and (7) the complained-of sanction of six days of solitary confinement was not imposed, ECF No. 58 at 11-12.

Defendants support these contentions with medical records and declarations from the named Defendants. ECF Nos. 60-67. Plaintiff has not provided any evidence to counter these contentions. As a result, Defendants have demonstrated they are entitled to summary judgment as a matter of law, as there is no evidence of excessive force, no evidence Hill retaliated (or could have retaliated) against Plaintiff, and the complained-of sanction was never imposed.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendants Thomas Hill, Alfred Torres, Adam Anderson, and Robert Brittos' Motion for Summary Judgment (ECF No. 58) is **GRANTED**.

The District Court Executive is directed to enter this Order, furnish copies to the parties, enter judgment for the Defendants, and close the file.

**DATED** December 17, 2019.



THOMAS O. RICE
Chief United States District Judge